**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-10228

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURICIE CASTANEDA,

Defendant - Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:00-CR-212-1-A)

August 29, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mauricie Castaneda ("Castaneda") appeals the district court's refusal to suppress evidence

of cocaine found in his possession. We affirm, holding that Castaneda was lawfully arrested and that

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47.5.4.

his vehicle was legally searched contemporaneously with his arrest.

The Drug Enforcement Agency ("DEA") put Castaneda under surveillance, suspecting that he had drugs in his possession. The DEA agents witnessed Castaneda exit out of a house with a gray shopping bag and drive away in his pickup truck. While following the pickup truck, the DEA agents noticed that a minor in Castaneda's car was not wearing a seatbelt. They requested patrol officers from the Forth Worth Police Department to stop Castaneda's car. During this admittedly pretextual traffic stop, the patrol officers learned that he had an outstanding arrest warrant, and subsequently arrested him. The patrol officers then searched the pickup truck incident to Castaneda's arrest, and located the gray shopping bag beneath the driver's seat. They found inside the bag a large compressed block of white substance, which was later determined to be cocaine.

Castaneda was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He filed a motion to suppress the evidence of cocaine seized from his vehicle, arguing that the arrest warrant was defective and that the search was unconstitutional. The district court denied the motion. Castaneda entered a conditional plea of guilty, and signed a factual resume that recited the facts mentioned above. He, however, reserved the right to appeal the denial of the motion to suppress. We review de novo the district court's legal conclusions on a motion to suppress, but accept the factual findings unless clearly erroneous. *See United States v. Rivera*, 157 F.3d 364, 367 (5th Cir. 1998).

The first argument on appeal is that the arrest warrant was invalid.[1] After making the traffic

---

[1]    As a preliminary matter, we note that police officers had the right to stop Castaneda for the failure to secure a seat belt on a minor, even though the traffic stop was pretextual. *See Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769 (1996) (allowing an officer to make a pretextual stop as long as he or she has probable cause to believe that a traffic violation has occurred).

stop for a safety-belt violation, the police officers subsequently learned that Castaneda had an outstanding arrest warrant. Castaneda points out that the arrest warrant was defective because it was not supported by an oath sworn in front of a magistrate as required by Texas law, but instead was sworn by affidavit only. *See* TEX. CODE CRIM. PROC. ANN. art. 15.03(a)(2) (1977). This error in the arrest warrant does not invalidate the arrest because it was within the good-faith exception to the exclusionary rule. See *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984) (stating that a police officer's objectively reasonable reliance on a defective warrant does not invalidate a warrant). In the instant case, the officers did not have the arrest warrant in front of them when they arrested Castaneda, and they reasonably relied in good-faith that it was valid.

Castaneda counters that the *Leon* good-faith reliance exception does not apply because the error in the warrant was by the fault of the police department, and not of the court employees. He points out that the Supreme Court in *Arizona v. Evans*, 514 U.S. 1, 115 S. Ct. 1185 (1995), questioned whether the good-faith exception should apply to errors made by police personnel. The Supreme Court, however, ultimately declined to answer this question. *See id.* at 16, 115 S. Ct. at 1194, n.5. While the Supreme Court has remained silent on this issue, we have held that the good-faith exception to the exclusionary rule applies regardless of whether the error was by court clerks or police personnel. *See United States v. De Leon-Reyna*, 930 F.2d 396, 400-401 (5th Cir. 1991). Thus, the police officers had probable cause to arrest Castaneda.

Second, Castaneda characterizes the search of his car as an inventory search as opposed to a search incident to arrest. Although the district court did not make an explicit finding on this point, it can be inferred from the factual resume of the guilty plea that the search was incident to Castaneda's arrest. The police officers searched the car contemporaneously with his arrest, and did

not exceed the scope of a search incident to arrest (i.e., they searched only the areas of the car that was within the wingspan of Castaneda). *See New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860 (1981) (allowing a police officer to search incident to arrest the passenger compartment of the vehicle).

Even if the search could be characterized as an inventory search, Castaneda's argument would fail. Castaneda apparently relies on *Florida v. Wells*, 495 U.S. 1, 110 S.Ct. 1632 (1990) to argue that an inventory search is invalid if the traffic stop leading to the suspect's arrest was pretextual. His reliance on *Wells* is inapposite. The Court there held that the inventory search *itself* cannot be pretextual. *See id.* at 3 (noting that an inventory search "must not be a ruse for a general rummaging in order to discover incriminating evidence"). In Castaneda's case, although the traffic stop was pretextual, the police officers in good-faith relied on an arrest warrant to arrest Castaneda. The ensuing search was not pretextual and was valid.

AFFIRMED.